UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES A. HAYES                                      CIVIL ACTION

VERSUS                                              NUMBER: 09-06669

DAVID ALFRED, ET AL.                                SECTION: "F"(5)

**FINDINGS AND RECOMMENDATION**

James A. Hayes, hereinafter referred to as plaintiff, has instituted suit on the standardized form utilized by inmates for voicing a complaint pursuant to 42 U.S.C. §1983. Named as defendants herein are Sergeants David Alford, Douglas Brooks and Jonathan Tynes, all employees at the Rayburn Correctional Center, Angie, Louisiana.[1]/ The gravamen of plaintiff's complaint involves an alleged excessive use of force by the aforementioned defendants.

---

[1]/ The first named defendant's last name is Alford, not Alfred. (See rec. doc. 13, p. 1). As for the third named defendant, plaintiff refers to this defendant as Tynes Jonathan, whereas records received from the prison indicate that his name is actually Jonathan Tynes. Accordingly, the Court will refer to this defendant as Jonathan Tynes.

In his initial complaint, plaintiff failed to complete Section IV which asked him to provide a brief statement of the facts of the case and how each of the defendants was involved. (Rec. doc. 1, p. 5). He did, however, attach ARP grievance response forms that he received from prison personnel which do not specifically state what each of the individual defendants did in violation of his federally protect civil rights. (Rec. doc. 2-1). At the bottom of the first step response form, plaintiff merely stated that he was dissatisfied with the resolution of his grievance. (Rec. doc. 2-1, p. 2). However, he did not state the type of relief that he seeks from the Court. (Rec. doc. 2, p. 5). Nor did he seek a jury trial of his issues. The grievance response forms filed by plaintiff indicate that he believed himself to have suffered an excessive use of force by prison personnel. (Rec. doc. 2-1). Accordingly, the Court held a preliminary conference with plaintiff and, ultimately, an evidentiary hearing in order to determine exactly what plaintiff contends occurred. (Rec. docs. 19, 38).

As the Court understands matters, plaintiff was escorted to disciplinary court from his residential tier by Sgt. Alford on June 24, 2009. At some point, he was told to sit down to await his turn and plaintiff admits refusing the orders of the prison guard to do so. He then stated that Officers Brooks and Tynes used force to bring him back to his cell and that Sgt. Alford was on the scene when this happened. Plaintiff claims that he was knocked into a

wall locker and that his arm was abraded in the process. He also contends that, once in his cell, Sgt. Brooks kicked him and that Lt. Peters, who is not named as a defendant, maced him.

Sgt. Bruce Forbes, a shift EMT, observed plaintiff on June 24, 2009 after the alleged incident, as he was called for a post use-of-force examination. Plaintiff had a superficial laceration on his arm at that time and refused normal treatment. Mary Jo Johnson, a registered nurse at the prison, saw plaintiff approximately eight or nine hours after the incident in question. At that time, his left forearm had a laceration that measured about 1 1/4 inches by 3/8 inches. His left hand was also lacerated and there was a small laceration on his knuckle. The nurse referred plaintiff to the prison physician for the following day.

Sgt. Brooks testified that, while escorting plaintiff back to his tier when he refused an order to await his turn for disciplinary court, plaintiff jerked away from Brooks and hit his arm on a medical waste container mounted on the wall by a bathroom door. As a result, plaintiff injured his arm.

Sgt. Alford testified that Sgt. Brooks escorted plaintiff back to his cell. Plaintiff was very upset and began causing a disturbance on the tier. Lt. Peters used mace on plaintiff to calm him down. Plaintiff refused several orders to allow his arm to be photographed so that his injury could be documented. However, Alford eventually pinned plaintiff to the floor and held him down

3

so that pictures could be taken and plaintiff's arm could be treated.

Other officers who testified also advised the Court that they did not see anyone choke or beat plaintiff. Contrary to testimony given by two inmates, these officers advised that plaintiff never lost consciousness. The Court notes that the two inmates who testified, Ronald Jacobs and Rashard Reed, claimed that one of the officers urinated on plaintiff while he was on the floor. However, neither of these two inmates saw this done and plaintiff, himself, never contended that anyone urinated upon him.

In addition to the testimony adduced at the evidentiary hearing, the Court has reviewed plaintiff's medical records and the statements by the various officers in connection with the jail's investigation of the incident. The events as set forth by the officers are consistent throughout. In addition, the medical records generated and the photographs taken of plaintiff's injuries are not consistent with an excessive use of force by the officers. Color photographs of plaintiff's arm laceration were introduced into evidence. Further medical records reflect that plaintiff sustained superficial abrasions to his arm, hand and knuckles which were cleaned with peroxide and then bandaged where needed. He also "possibly" had a small cut to his tongue, which was not bleeding. Plaintiff was given Tylenol for pain; his activities and diet were not restricted. He had no further follow-up care for his injuries

and does not contend that any additional care was needed and was refused to him.

To state a viable claim under 42 U.S.C. § 1983, "'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" James v. Tex. Collin County, 535 F.3d 365, 373 (5th Cir. 2008)(quoting Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000)). The Eighth Amendment prohibits the cruel and unusual punishment of prisoners like plaintiff and the use of excessive force against an inmate may result in conduct forbidden by the Eighth Amendment. Excessive force claim are necessarily fact intensive; whether the force used is excessive or unreasonable depends upon the facts and circumstances of each particular case. Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir. 2009), cert. denied, ____ U.S. _____ (2010)(quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

The core judicial inquiry in excessive force cases is "not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010)(quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). However, the absence of serious injury is relevant to any inquiry because it is one

5

factor which may suggest whether the use of force could be considered necessary in a particular situation. <u>Wilkins</u>, <u>supra</u>. Additionally, in considering whether force was properly applied, it is appropriate to consider the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials and any efforts made to temper the severity of a forceful response. <u>Gomez v. Chandler</u>, 163 F.3d 921, 923 (5th Cir. 1999).

Here, it is questionable whether plaintiff's injuries were caused by the guards or by his own actions. It was stated by witnesses that plaintiff's arm was injured when he pulled away from guards and struck his arm on a medical waste container mounted on the wall. The injury which he received is consistent with those facts. The Court finds that plaintiff ignored a direct order by guards which started events in motion which resulted in his injury. Once plaintiff defied an order by guards, it was necessary to restore discipline in the jail environment. Prison personnel did so in an appropriate fashion. Thereafter, plaintiff refused further orders by the guards to allow his wounds to be photographed, causing further trauma to plaintiff but no additional injuries. It was at this time that plaintiff was maced by an individual not named as a defendant herein. Again, the Court concludes that prison personnel had a right to document plaintiff's injuries and did so in an appropriate manner.

The Court sees no basis to fault the actions taken by prison personnel in the handling of the situation(s) caused entirely by the plaintiff. Accordingly, it will be recommended that plaintiff's claims be dismissed with prejudice at his costs.

**RECOMMENDATION**

IT IS RECOMMENDED that the claims of plaintiff, James A. Hayes, against defendants, David Alford, Douglas Brooks and Jonathan Tynes, be dismissed with prejudice at plaintiff's costs.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  28th  day of      June     , 2012.

*Alma L. Chasez*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE